IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:11-CV-143-D

| | | |
|---|---|---|
| ALICIA A. EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

On July 6, 2012, Magistrate Judge William A. Webb issued a Memorandum and Recommendation ("M&R") [D.E. 41]. In the M&R, Judge Webb recommended that the court deny Alicia A. Edwards's ("Edwards" or "plaintiff") motion for judgment on the pleadings [D.E. 35], grant Michael J. Astrue's ("Commissioner" or "defendant") motion for judgment on the pleadings [D.E. 37], and affirm the final decision of the Commissioner. See M&R [D.E. 41] 10. On July 20, 2012, Edwards filed objections to the M&R [D.E. 42]. On August 1, 2012, the Commissioner responded to the objections [D.E. 43].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (alteration in original) (emphasis and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R, the record, Edwards's objections, and the Commissioner's response. As for those portions of the M&R to which neither party objected, the court is satisfied that there is no clear error on the face of the record.

The court has reviewed de novo the disputed portions of the M&R. Under the Social Security Act, 42 U.S.C. § 405(g), a district court reviewing the Commissioner's final decision to award or deny disability benefits considers only whether substantial evidence supports the Commissioner's factual findings and whether the Commissioner applied the correct legal standards. See, e.g., Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence "is evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966), abrogated by implication on other grounds by Black &Decker Disability Plan v. Nord, 538 U.S. 822 (2003).

This court may not reweigh the evidence or substitute its judgment for that of the Commissioner. See, e.g., Hays, 907 F.2d at 1456. Rather, in determining whether substantial evidence supports the Commissioner's decision, the court's review is limited to whether the Commissioner analyzed the relevant evidence and sufficiently explained his findings and rationale concerning the evidence. See, e.g., Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439–40 (4th Cir. 1997).

The court has reviewed the M&R, the record, and the objections de novo. Edwards argues that substantial evidence does not support the Administrative Law Judge's ["ALJ"] conclusion that Edwards's severe impairments do not meet or medically equal one of the listed impairments. Pl.'s Obj. [D.E. 42] 1–3. Judge Webb considered this argument and analyzed the substantial evidence supporting the ALJ's finding. See M&R 5–7. Contrary to Edwards's argument, Judge Webb did not

use a "post hoc rationalization . . . to remedy the ALJ's deficient analysis." Pl.'s Obj. 2 (emphasis omitted). Instead, the record establishes that the ALJ thoughtfully considered the medical evidence in reaching her conclusion. See Tr. [D.E. 12–30] 64–65. As Judge Webb thoroughly explained, the ALJ did not err. Accordingly, the court overrules Edwards's objections.

In sum, Edwards's objections to the M&R [D.E. 42] are OVERRULED, and the court adopts the M&R [D.E. 41]. Accordingly, Edwards's motion for judgment on the pleadings [D.E. 35] is DENIED, the Commissioner's motion for judgment on the pleadings [D.E. 37] is GRANTED, and the Commissioner's final decision is AFFIRMED.

SO ORDERED. This 9 day of August 2012.

JAMES C. DEVER III
Chief United States District Judge